## EASTERN BANK *vs.* ALBERT G. BROWN.

If a person direct the messenger of a bank to leave his notices at a certain place, a notice to him, as indorser of a bill, left by the messenger at that place, will be deemed sufficient, until the direction is countermanded, or the messenger is otherwise directed.

ASSUMPSIT on a bill, dated *April* 14, 1836, payable to the defendant in four months from date, at the *Suffolk Bank* in *Boston*, and by him indorsed to the plaintiffs. A demand was made at the *Suffolk Bank* on the 17th of *August*, 1836, and a notice immediately sent by the notary to the plaintiffs for the defendant, which arrived by due course of mail at that time at *Bangor*, the place of business of the defendant, on the morning of the twentieth of the same month. The cashier of the *Eastern Bank* testified, that he received the notice to the defendant as indorser the same morning, and immediately delivered it to *William Rice*, messenger of the bank, to be given to the defendant; and that he supposed the counting room of *Lincoln, Foster & Co.* to be *Brown's* place of business, and did not know that he lived in *Bangor*. *Rice*, the messenger, was called by the plaintiffs, and testified, that he received the notice from the cashier on the same 20th of *August*, and that on that day, either gave the notice to the defendant in hand, or left it at his dwellinghouse, or at the counting-room of *Lincoln, Foster & Co.*, who are his brothers-in-law, in *Bangor*, but had no doubt that he left it at the latter place; that prior to

this, within the year, that the defendant, upon inquiry of him where his notices should be left, had directed him to leave them at the same counting-room, and thought he said he kept his books and did his business there for the present; that on the 20th of *August* he did not know, nor did he inquire, whether the defendant had removed his books from that room; that he did not know that the defendant lived in *Bangor*, or had any other place of business there; and that the defendant had never countermanded the order to leave his notices at that counting-room, and had not directed him to leave them at any other place. *Lincoln*, called by the defendant, testified, that the defendant moved from *Orono* to *Bangor*, in *April*, 1836, and boarded in his family until the last of *May* or *June*, and then moved into his own house in *Bangor*, and at the same time carried away his books from the counting-room, and had not made that his place of business since. Under the instructions of the Chief Justice, who tried the action, leaving to the jury to give a construction to the testimony of *Rice*, the verdict was for the defendant, and was to be set aside, if upon the evidence, the notice left at the counting-room was left at the proper place. There was a motion for a new trial on account of newly discovered evidence.

*A. G. Jewett*, for the plaintiffs, contended, that a notice left at the place where the messenger of the bank was directed by the defendant to leave it, was sufficient; and that this should have been the instruction to the jury, instead of leaving it to them to make an erroneous decision.

*J. Appleton*, for the defendant, contended, that it was the duty of the messenger to have inquired, whether that was the defendant's place of business, and to have used due diligence to ascertain whether his dwelling was in *Bangor*, and where; and that upon the evidence the verdict · was right. *Bank of United States* v. *Corcoran*, 2 *Peters*, 121; *Granite Bank* v. *Ayers*, 16 *Pick.* 392.

The opinion was by

WESTON C. J. — The defendant having, on the inquiry of the messenger of the bank, directed him to leave his notices at the counting-room of *Lincoln, Foster & Co.*, where he kept his books, we are of opinion upon the whole, that notices left in pursuance of

this direction, until countermanded, or the messenger otherwise directed, ought to be deemed sufficient. This conclusion will best comport with the justice of the case; and it is one which leaves the defendant no fair ground of complaint.

*New trial granted.*